UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP PITRE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-2508** |
| **FAMILY SECURITY INSURANCE CO.** | **SECTION: "G"** |

## ORDER

On March 2, 2023, Defendant Family Security Insurance Co. ("Defendant") filed a "Notice of Filing Consent Order of Liquidation, Notice of Automatic and Permanent Stay."[1] In the notice, Defendant informs the Court that Defendant merged with United Property and Casualty Insurance Co. ("UPC") and that UPC is the surviving entity.[2] Defendant also notifies the Court that, after the merger, UPC was declared insolvent and placed into liquidation.[3]

The Fifth Circuit has recognized that "insolvent insurers are subject to the comprehensive oversight of state administrative agencies and courts" and "[f]ederal law consigns to the states the primary responsibility for regulating the insurance industry."[4] Accordingly, the Fifth Circuit has held that "allowing a creditor or claimant to proceed against an insolvent insurer in federal court while a state insolvency proceeding is pending would usurp [the state's] control over the liquidation proceeding by allowing [the claimant] to preempt others in the distribution of [the

---

[1] Rec. Doc. 14.

[2] *Id*. at 1 n.1.

[3] *Id.* at 1.

[4] *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (citing the McCarran–Ferguson Act).

1

insurance company's] assets."[5] Such a statutory scheme exists in Louisiana. Under Louisiana law, "[a]ll proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months."[6]

In light of Louisiana's comprehensive statutory scheme for regulating insolvent insurers and Fifth Circuit precedent admonishing courts to avoid interfering with state administrative processes involving insolvent insurers, the Court exercises its discretion to stay the claims pending against Defendant for a period of six months.[7] Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED** for a period of six months. The case shall be reopened upon a motion of a party at the conclusion of the six-month period.

**NEW ORLEANS, LOUISIANA**, this __6th__ day of March, 2023.

                                          *[signature]*
                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[5] *Id.* (internal citation and quotation omitted).

[6] La. Rev. Stat. § 22:2068(A).

[7] *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936).